Alleviation Medical Services, P.C. as Assignee of DEVEROL MONCRIEFE, Appellant,
against
Hertz Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered June 12, 2013. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.
Plaintiff correctly argues that defendant's cross motion should have been denied. In support of its claim that plaintiff's assignor had failed to appear for independent medical examinations (IMEs), defendant submitted an affirmation from the doctor who was to perform the orthopedic IMEs and an affidavit from the chiropractor who was to perform the chiropractic and acupuncture IMEs. The doctor and the chiropractor each failed to demonstrate by personal knowledge (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), or by any other appropriate means (see e.g. Quality Psychological Servs., P.C. v Interboro Mut. Indem. Ins. Co., 36 Misc 3d 146[A], 2012 NY Slip Op 51628[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), the nonappearance of plaintiff's assignor for the IMEs. Therefore, defendant failed to establish its entitlement as a matter of law to summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to comply with a condition precedent to an insurer's liability on a policy (see Stephen Fogel Psychological, P.C., 35 AD3d 720; Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Quality Health Prods. v Hertz Claim Mgt. Corp., 36 Misc 3d 154[A], 2012 NY Slip Op 51722[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit submitted by plaintiff in support of its motion failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 23, 2016