New Way Medical Supply Corp., as Assignee of ISABEL TUAPANTA, Appellant,
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Barry A. Schwartz, J.), entered August 13, 2013. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that it had timely and properly denied the claim based on plaintiff's assignor's failure to appear for examinations under oath (EUOs). The Civil Court denied plaintiff's motion and granted defendant's cross motion.
Although defendant established that the EUO scheduling letters had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), defendant failed to submit proof by someone with personal knowledge of the nonappearance of plaintiff's assignor for the EUOs in question (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). As a result, defendant failed to establish its prima facie entitlement to summary judgment.
Plaintiff's moving papers failed to establish either that defendant had failed to deny the claim within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, plaintiff did not establish its prima facie entitlement to summary judgment.
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 06, 2016