TAM Medical Supply Corp., as Assignee of Courtney Philbert, Appellant, 
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered January 10, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's second cause of action is denied; as so modified, the order is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.
Contrary to plaintiff's argument with respect to the claim underlying plaintiff's first cause of action, the affidavits submitted by defendant were sufficient to give rise to a presumption that defendant's verification request, follow-up verification request and denial of claim forms had been properly mailed to plaintiff (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Plaintiff's argument that defendant did not initially request written verification in time to toll its time to pay or deny this claim, which claim defendant did not deny within 30 days of its receipt, fails, as defendant demonstrated that it had mailed its initial verification request within 15 business days of the date plaintiff claims to have submitted its claim form (see Alev Med. Supply, Inc. v New York Cent. Mut. Fire Ins. Co., 38 Misc 3d 143[A], 2013 NY Slip Op 50258[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Furthermore, defendant demonstrated that plaintiff's assignor had failed to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), in that the affidavit executed by Dr. Russ established, prima facie, that plaintiff's assignor had failed to appear for independent medical examinations on the dates set forth in the affidavit.
However, as plaintiff argues, defendant has not demonstrated that the claim underlying plaintiff's second cause of action was timely denied, because it did not demonstrate, as a matter of law, that it had denied the claim within 30 days of its receipt or that it had tolled its time to pay or deny the claim by timely requesting written verification (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d [*2]Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, the branch of defendant's motion seeking summary judgment dismissing the second cause of action should have been denied. 
Plaintiff failed to demonstrate its prima facie entitlement to summary judgment on its second cause of action, as the affidavit plaintiff submitted in support of its motion failed to establish that this claim had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's second cause of action is denied. 
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 15, 2016