Doctor Goldshteyn Chiropractic, P.C., as Assignee of Colon, Jennifer, Appellant,
against
ELRAC, Inc., Also Known as ELCO, Respondent.




Kopelevich & Feldsherova, P.C. (Galina Feldsherova, Esq.), for appellant.
Smith & Brink, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered January 24, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely and properly denied the claim at issue based upon plaintiff's assignor's failure to appear for duly scheduled examinations under oath (EUOs). By order entered January 24, 2014, the Civil Court granted defendant's motion.
Plaintiff's contention that defendant failed to establish that its time to pay or deny claims seeking to recover the sums of $241.30, $1,310.94, and $1,019.62 was tolled because defendant had not timely mailed EUO scheduling letters to plaintiff's assignor lacks merit. While plaintiff correctly asserts that the letter from defendant dated January 27, 2011 is a delay letter, defendant established that the first EUO scheduling letter had been timely and properly mailed to plaintiff's assignor on January 4, 2011 (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Great Health Care Chiropractic, P.C. v Nationwide Ins., 46 Misc 3d 130[A], 2014 NY Slip Op 51812[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Thus, defendant's time to pay or deny these claims, which defendant received on January 21, 2011, was tolled (see ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). While plaintiff asserts that there is an issue of fact as to whether the duplicate copy of each of the EUO scheduling letters was mailed by certified mail or by certified mail return receipt requested, such an assertion, even if true, would not excuse the failure of plaintiff's assignor to appear for the duly scheduled EUOs, since the record does not contain any evidence showing that the mailing of the [*2]EUO scheduling letters to plaintiff's assignor by first class mail was insufficient (see Adelaida Physical Therapy, P.C. v Ameriprise Auto & Home, 53 Misc 3d 142[A], 2016 NY Slip Op 51540[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; MML Med. Care, P.C. v Praetorian Ins. Co., 46 Misc 3d 127[A], 2014 NY Slip Op 51792[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). In addition, defendant established that plaintiff's assignor had failed to appear for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA AND SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2017