■ STEPHEN FOGEL PSYCHOLOGICAL, P.C., Respondent-Appellant, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant-Respondent. [827 NYS2d 217]—

In an action to recover no-fault medical payments under an insurance contract, the defendant, Progressive Casualty Insurance Company, appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated December 22, 2004 [7 Misc 3d 18], as affirmed so much of an order of the Civil Court, Queens County (Markey, J.), entered March 19, 2003, as, in effect, denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, by permission, as limited by its brief, from so much of the same order as reversed that portion of the same order of the Civil Court which, in effect, granted its cross motion for summary judgment, and substituted a provision denying its cross motion.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant, Progressive Casualty Insurance Company (hereinafter Progressive), denied the claim of the plaintiff, Stephen Fogel Psychological, P.C. (hereinafter Fogel), as assignee of Kim Choy Chong (hereinafter Kim), for no-fault benefits on the ground that Kim had failed to appear for independent medical examinations (hereinafter IMEs) that Progressive demanded before Fogel submitted the statutory claim forms. Fogel brought this action seeking payment. Progressive moved for summary judgment on the ground that, by failing to appear for the IMEs, Kim had breached a condition precedent to payment on the policy. Fogel cross-moved for summary judgment on the expressly limited ground that, assuming Kim had failed to appear for the IMEs, Fogel was still entitled to payment on the policy for charges incurred before Kim's failure to appear. The Civil Court, in effect, denied Progressive's motion and, in effect, granted Fogel's cross motion. The Appellate Term modified the Civil Court's order to the extent of denying Fogel's cross motion and otherwise affirmed the order. We affirm the order of the Appellate Term.

In support of its motion for summary judgment, Progressive was required to establish, prima facie, that it mailed the notices of the IMEs to Kim and that he failed to appear for the IMEs. Progressive failed to meet its burden by proof in admissible form, because it submitted no evidence from anyone with personal knowledge of the mailings or of the nonappearances (*see New York & Presbyt. Hosp. v Allstate Ins. Co.,* 29 AD3d 547, 547-548 [2006]; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.,* 284 AD2d 374, 375 [2001]). Given Progressive's failure to meet its burden, denial of its motion was required without consideration of Fogel's opposition papers (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]).

With respect to the cross appeal, the Appellate Term correctly denied Fogel's cross motion for summary judgment. We agree with the Appellate Term that appearance at an IME is required whether the insurance company demands the IME before the claim form is submitted or after the claim form is submitted (*see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.,* 7 Misc 3d 18 [2004]). The mandatory personal injury endorsement (11 NYCRR 65.12, now 11 NYCRR 65-1.1) provides that the "eligible injured person shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require" (11 NYCRR 65-1.1).

We disagree, however, with the Appellate Term that there is a distinction between the contractual remedies depending on whether the failure to appear for IMEs occurs before submission of the claim form or after its submission. There is no basis for such a distinction, and we decline to impose one. The appearance of the insured for IMEs at any time is a condition precedent to the insurer's liability on the policy (*see* 11 NYCRR 65-1.1). This conclusion accords with the language of the mandatory endorsement and the interpretation given it by the State Insurance Department, which promulgated the regulations (*see* 2005 Ops Ins Dept No. 05-02-21 [www.ins.state.ny.us/ogco2005/rg050221.htm; http://www.courts.state.ny.us/reporter/webdocs/no-fault_benefits_cutoff_date.htm]; 2003 Ops Ins Dept No. 03-02-12 [www.ins.state.ny.us/ogco2003/rg030212.htm; http://www.courts.state.ny.us/reporter/webdocs/failure_to_attend_no_fault_ime.htm]; 2002 Ops Ins Dept No. 02-04-19 [www.ins.state.ny.us/ogco2002/rg 204121.htm; http://www.courts.state.ny.us/reporter/webdocs/no_faultinsurer_medicalexaminations.htm]). The State Insurance Department's interpretation is entitled to deference unless "irrational or unreasonable" (*Matter of John Paterno, Inc. v Curiale,* 88 NY2d 328, 333 [1996], quoting *Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.,* 66 NY2d 444, 448 [1985]; *cf. Matter of Gaines v New York State Div. of Hous. & Community Renewal,* 90 NY2d 545, 548-549 [1997]). This conclusion furthers, as well, the policies underlying no-fault insurance, including, inter alia, the expeditious processing of claims (*Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 281 [1997]; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 224-225 [1986]) and preventing fraud (*see Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854, 861-862 [2003]).

Consequently, an insurer may deny a claim retroactively to the date of loss for a claimant's failure to attend IMEs "when, and as often as, the [insurer] may reasonably require" (11 NYCRR 65-1.1). Thus, Fogel's cross motion for summary judgment was properly denied. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.