Golia, J.
(dissenting in part and concurring in part and voting to modify the order by granting plaintiff partial summary judgment in the sum of $911.99). I concur with the ultimate disposition by the majority with regard to the claim for $911.99; however, I wish to emphasize that I disagree with certain propositions of law set forth in cases cited therein which are inconsistent with my prior expressed positions and generally contrary to my views. Indeed, my concurrence is predicated upon defendant’s failure to offer any evidence of mailing the demands for independent medical examinations (IMEs) to the eligible injured insured.
As recently as December 2006 the Appellate Division, Second Department, affirmed this court’s holding in Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co. (35 AD3d 720 [2006]) and reaffirmed that in a no-fault case a proponent of a motion for summary judgment must submit proper proof of mailing. While the defendant therein allegedly mailed the IME requests to the assignor, it failed to offer sufficient proof of mailing requiring a denial of the motion.
The Appellate Division went on to add, disagreeing with the Appellate Term, that there is no “distinction between the contractual remedies depending on whether the failure to appear for IMEs occurs before submission of the claim form or after its submission.” (Id. at 722.)
Further, with regard to the instant matter, I dissent from the holding of my colleagues here with respect to the claim for $902.28 which was admittedly filed late. Indeed, plaintiff acknowledged that the claim was filed late, but argued that the four-day delay “could not have . . . prejudiced” defendant.
The prevailing issue is not lack of prejudice to the defendant. Indeed, the plaintiff does not even submit a “reasonable justification of the failure to give timely notice” (11 NYCRR 65-3.3 [e]).
The majority chooses to discount the untimely filing and does not address the unavailing irrelevant excuse. It chooses instead to punish the defendant for attempting to comply with the rules and regulations of the Insurance Department by using the forms *96 created and produced by the very same Insurance Department. Indeed, the majority acknowledges that the “official” forms mislead insurers into believing that reliance on those forms satisfies their obligation.
It seems incredibly unfair that the defendant should be penalized for utilizing the forms promulgated by the Insurance Department to which deference should be granted. More importantly, it is inappropriate for me to then reward a claimant who has admittedly violated the rules of timely filing without requiring that at the very minimum, it proffer a reasonable excuse for such late filing.
Pesce, EJ., and Belen, J., concur; Golia, J., dissents in part and concurs in part in a separate memorandum.