Weston Patterson, J. (concurring in part and dissenting in part in the following memorandum).
While I agree with the ma *14 jority that defendant’s cross motion for summary judgment should be denied, I disagree with the majority’s decision to grant plaintiffs motion for summary judgment.
In my view, defendant raised a triable issue of fact by presenting evidence that plaintiffs assignor failed to appear at properly noticed requests for an independent medical examination (IME). Defendant submitted an affidavit of its claims representative who stated that she had “personal knowledge of this matter” and that plaintiffs assignor failed to appear at two scheduled IMEs. In addition, defendant submitted an affidavit from a no-fault supervisor employed by the company that scheduled the IMEs for defendant. The supervisor indicated that he had “personal knowledge of this matter” based on his review of his company’s records and that he was personally familiar with the company’s mailing practices, which he described in detail. He confirmed that letters were sent to plaintiffs assignor and her attorney scheduling IMEs for August 18, 2003 and September 8, 2003 and that plaintiff’s assignor failed to appear on either date.
Based on the foregoing submissions, which were based on personal knowledge, defendant satisfied its burden of establishing the assignor’s nonappearance (cf. Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006]). To the extent plaintiff now claims, for the first time on appeal, that defendant failed to submit an affidavit from someone with personal knowledge of the assignor’s failure to appear, plaintiff’s claim is not preserved for appellate review, and I would decline to review it in the interest of justice.
Pesce, PJ., and Rios, J., concur; Weston Patterson, J., concurs in part and dissents in part in a separate memorandum.