Compas Medical, P.C. as Assignee of NAIJA LOWERY, Respondent, 
against
New York Central Mutual Fire Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Dawn Jimenez Salta, J.), entered July 31, 2012. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely and properly denied all of the claims at issue based upon plaintiff's assignor's failure to appear for duly scheduled independent medical examinations (IMEs). Defendant also sought to dismiss the first through third and fifth through seventh causes of action on the additional ground that the fees sought exceeded the amounts permitted by the workers' compensation fee schedule. Plaintiff cross-moved for summary judgment. In an order entered July 31, 2012, insofar as appealed from, the Civil Court denied defendant's motion. 
While defendant submitted properly sworn statements by the chiropractor and doctor who were scheduled to perform the IMEs, neither health care professional demonstrated personal knowledge of the nonappearance of plaintiff's assignor for the Fexaminations, and, therefore, defendant failed to establish its entitlement to judgment as a matter of law dismissing any causes of action on this ground (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Quality Health Prods. v Hertz Claim Mgt. Corp., 36 Misc 3d 154[A], 2012 NY Slip Op 51722[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
The affidavit of defendant's litigation examiner was sufficient to demonstrate prima facie that defendant had also properly reduced the amount of plaintiff's claims underlying the first through third and fifth through seventh causes of action pursuant to the workers' compensation fee schedule. However, in opposition to defendant's motion, plaintiff raised a triable issue of fact with respect to whether these reductions were proper. As a result, defendant was not entitled to summary judgment upon these causes of action based on fee schedule grounds.
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 17, 2016