MB Advanced Equipment, Inc., as Assignee of MARCUS ERIE, SACHELL ERIE and RUTH JEAN-TOUSSAINT, Respondent, 
against
New York Central Mutual Fire Ins. Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered June 13, 2013. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely and properly denied the claims at issue based on the failure of plaintiff's assignors to appear for duly scheduled independent medical examinations (IMEs), and plaintiff cross-moved for summary judgment. The Civil Court denied defendant's motion but made, in effect, CPLR 3212 (g) findings that defendant's denial of claim forms had been timely and proper, that plaintiff had established its prima facie case and that the sole issue for trial was whether plaintiff's assignors had failed to appear for duly scheduled IMEs.
On appeal, defendant fails to articulate a sufficient basis to strike the Civil Court's CPLR 3212 (g) findings in plaintiff's favor (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
In support of its motion, defendant submitted affidavits from the doctor and chiropractor who were to perform the IMEs, which affidavits were sufficient to establish that plaintiff's assignors had failed to appear for duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). However, in opposition, plaintiff submitted affidavits in which the doctor and chiropractor had previously sworn, under penalty of perjury, that when the IMEs were scheduled to occur, they were at a location other than the address set forth in the IME scheduling letters. To the extent defendant's counsel asserted in a reply affirmation that the discrepancy was due to typographical errors in the prior affidavits, counsel did not demonstrate that she possessed personal knowledge sufficient to establish, as a matter of law, that the doctor and chiropractor were at the correct location when the IMEs were to be held.
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 03, 2016