Integrative Pain Medicine, P.C., as Assignee of REGINALD THAWNEY, Respondent,
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered January 7, 2014. The order, insofar as appealed from, upon granting defendant's cross motion for summary judgment dismissing the complaint, imposed conditions.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the conditions imposed by the Civil Court are vacated.
In this action by a provider to recover assigned first-party no-fault benefits, insofar as is relevant to this appeal, the Civil Court granted defendant's cross motion for summary judgment dismissing the complaint on condition that plaintiff's assignor fail to appear for a new examination under oath (EUO) to be "re-notice[d]" by defendant in accordance with instructions set out in the order. Defendant appeals from so much of the order as imposed those conditions.
Appearance at an EUO is a condition precedent to coverage (see 11 NYCRR 65—1.1; Interboro Ins. Co. v Clennon, 113 AD3d 596 [2014]; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Upon finding that defendant demonstrated that it had timely and properly denied the claims at issue on the ground that plaintiff's assignor had failed to appear for duly scheduled EUOs, the Civil Court should not have given plaintiff's assignor an opportunity to cure its failure to act during claims processing (see IDS Prop. Cas. Ins. Co. v Stracar Med. Services, P.C., 116 AD3d 1005 [2014]). Under the circumstances, the court should have granted defendant's cross motion for summary judgment unconditionally.
Accordingly, the order, insofar as appealed from, is reversed, and the conditions imposed by the Civil Court are vacated.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: October 13, 2016