Progressive Orthopedics, PLLC, as Assignee of Sean A. Wilkerson, Respondent, 
against
The Hertz Corporation, Appellant.




Robyn M. Brilliant, Esq., for appellant.
Israel, Israel & Purdy, LLP, (Jennifer Greenhalgh Howard, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Dawn Jimenez Salta, J.), entered October 31, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,801.70.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial.
In this action by a provider to recover assigned first-party no-fault benefits, defendant denied plaintiff's claim on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). At a nonjury trial, the parties stipulated to plaintiff's prima facie case, defendant's timely denial based on plaintiff's assignor's failure to appear for duly scheduled IMEs, and the admission into evidence of plaintiff's bill and defendant's denial of claim form. The Civil Court did not allow defendant to present any evidence in support of its defense that plaintiff's assignor had failed to appear for duly scheduled IMEs, which would constitute a failure to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), because the court held that a prior order of the same court (Wavny Toussaint, J.), which had denied defendant's summary judgment motion based on that failure to appear, had already determined that defendant could not establish that defense. The court further stated that, as there were no triable issues of fact, plaintiff's motion for a directed verdict was granted. A judgment was subsequently entered awarding plaintiff the principal sum of $5,801.70.
For the reasons stated in Progressive Orthopedics, PLLC, as Assignee of Sean A. Wilkerson v The Hertz Corp. (__ Misc 3d ___, 2017 NY Slip Op _____ [appeal No. 2014-1114 K C], decided herewith), the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Pesce, P.J., Weston and Aliotta, JJ., concur.

Decision Date: June 02, 2017