Sovereigh Acupuncture, P.C., as Assignee of Irwin Burgess, Respondent, 
against
American Commerce Ins. Co., Appellant.




Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for appellant.
Zara Javakov, P.C. (Zara Javakov, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered January 15, 2014, deemed from a judgment of the same court entered February 11, 2014 (see CPLR 5501 [c]). The judgment, entered pursuant to the January 15, 2014 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $4,188.66.




ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that the claims at issue had been timely and properly denied based on plaintiff's failure to appear for scheduled examinations under oath (EUOs). The Civil Court granted plaintiff's motion, and denied defendant's cross motion on the ground, among others, that the facts submitted by defendant in support of its cross motion showed that, while defendant declared that plaintiff had failed to appear for scheduled EUOs, defendant had rescheduled each EUO before the date set for each EUO and that, prior to each EUO, defendant was aware that plaintiff was unable to appear. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Defendant denied the claims at issue based upon the alleged failure of plaintiff to appear at duly scheduled EUOs. With respect to the claims which defendant admits it received between January 18, 2012 and February 14, 2012, defendant's moving papers demonstrate that the first EUO scheduling letter sent to plaintiff was mailed more than 30 days after defendant had received these claims. As a result, contrary to defendant's contention, defendant failed to demonstrate that it had properly denied these claims based upon plaintiff's failure to appear for [*2]duly scheduled EUOs (see Great Health Care Chiropractic, P.C. v Travelers Ins. Co., 49 Misc 3d 145[A], 2015 Misc 3d 51665[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Since the EUO scheduling letters sent to plaintiff were a nullity with respect to these claims, defendant failed to establish the existence of a triable issue of fact with respect thereto (see O & M Med., P.C., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U]).
While defendant's time to pay or deny the remaining claims may have been tolled by EUO scheduling letters sent to plaintiff by defendant, as the Civil Court noted, defendant's papers demonstrate that, prior to each scheduled EUO of plaintiff, defendant sent plaintiff a letter rescheduling the EUO of plaintiff for a different date. As a result, the fact that plaintiff did not appear on the date originally set forth in a scheduling letter does not constitute a failure to appear, as defendant had already changed the date for which that EUO had been scheduled. In view of the foregoing, defendant failed to show a triable issue of fact as to whether it had properly denied these claims based upon plaintiff's failure to appear for two duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), let alone establish it as a matter of law.
Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA AND SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2017