Kappa Medical, P.C., as Assignee of Numan Dut, Respondent, 
against
Chubb Indemnity Insurance Company, Appellant.




Matthew Brew & Associates, LLC (Matthew Brew, Esq.), for appellant.
Law Office of Cohen & Jaffe, LLP (Aaron J. Perretta, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulyssses Bernard Leverett, J.), entered July 22, 2014. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's cross motion for summary judgment, made, in effect, CPLR 3212 (g) findings in plaintiff's favor.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely and properly denied the claims at issue based on the failure of plaintiff's assignor to appear for duly scheduled independent medical examinations (IMEs), and plaintiff cross-moved for summary judgment. Defendant appeals from so much of an order of the Civil Court as denied defendant's motion and, upon denying plaintiff's cross motion, made, in effect, CPLR 3212 (g) findings in plaintiff's favor.
In support of its motion for summary judgment dismissing the complaint, defendant submitted an affidavit from the doctor who was to perform the IMEs which failed to demonstrate upon personal knowledge (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), or by any other appropriate means (see e.g. Quality Psychological Servs., P.C. v Interboro Mut. Indem. Ins. Co., 36 Misc 3d 146[A], 2012 NY Slip Op 51628[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), that plaintiff's assignor had failed to appear for the IMEs. Thus, defendant failed to establish its entitlement to summary judgment dismissing the complaint (see Stephen Fogel Psychological, P.C., 35 AD3d 720).
Furthermore, defendant fails to articulate a sufficient basis to strike the Civil Court's CPLR 3212 (g) findings in plaintiff's favor (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2014]).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2017