Charles Deng Acupuncture, P.C., as Assignee of Guidson, Frederick, Appellant,
against
Ameriprise Auto & Home, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 30, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted defendant's cross motion for summary judgment dismissing the first and third causes of action, based on plaintiff's failure to appear for duly scheduled examinations under oath (EUOs), and the second cause of action, on the ground that defendant had never received the claim underlying that cause of action.
Contrary to plaintiff's contention as to the claims denied based upon plaintiff's failure to appear for EUOs, the proof submitted by defendant was sufficient to demonstrate that plaintiff had failed to appear for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, the branches of defendant's cross motion seeking summary judgment dismissing the first and third causes of action were properly granted.
As plaintiff further argues, the proof submitted by plaintiff in support of its motion was sufficient to give rise to a presumption that the claim underlying the second cause of action had been mailed to, and received by, defendant (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). However, as the proof submitted by defendant was sufficient to raise an issue of fact as to whether defendant had ever received the claim, neither party is entitled to summary judgment on this cause of action.
Accordingly, the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 20, 2017