Sharp View Diagnostic Imaging, P.C., as Assignee of Sanchez Maybelline, Appellant, 
against
Esurance, Respondent.




Kopelevich & Feldsherova, P.C. (Galina Feldsherova, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered September 2, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.
Plaintiff argues on appeal that defendant improperly relied on letters that "did not seek any documents or information" from plaintiff in order to toll defendant's time to pay or deny the claims at issue. However, defendant alleged that it had sent letters scheduling examinations under oath (EUOs) (see ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), which letters were attached to defendant's cross motion, and plaintiff has raised no issue with respect to the sufficiency of those letters (see Great Health Care Chiropractic, P.C. v Nationwide Ins., 46 Misc 3d 130[A], 2014 NY Slip Op 51812[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Contrary to plaintiff's other contention on appeal with respect to defendant's cross motion for summary judgment, the proof submitted by defendant was sufficient to demonstrate that plaintiff's assignor had failed to appear for EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ.




, concur.
ENTER
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017