Sama Physical Therapy, P.C., as Assignee of Solis, Gregorio, Appellant, 
against
IDS Property Casualty Insurance Company, Respondent.




The Rybak Firm, PLLC (Joseph D. DePalma, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered November 6, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the first and second causes of action are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely and properly denied the claims based upon plaintiff's failure to appear for duly scheduled examinations under oath (EUOs). By order entered November 6, 2014, the Civil Court granted defendant's motion.
Defendant's moving papers failed to establish that the first EUO scheduling letter that defendant had sent to plaintiff was timely with respect to the claims underlying the first and second causes of action, as defendant stated that the letter had been sent more than 30 days after [*2]defendant had received those claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant failed to demonstrate that it had properly and timely denied those claims based upon plaintiff's failure to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
However, although the first EUO scheduling letter was mailed more than 15 business days after the claim underlying the third cause of action had been received, the NF-10 denying this claim was nevertheless timely (see 11 NYCRR 65-3.8 [l] [providing that deviations from the verification time frames reduce the 30 days to pay or deny the claim by the same number of days that the verification request was late]).
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the first and second causes of action are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 12, 2017