Personal Touch Medical Care, P.C., as Assignee of Rizwan Ahmed, Appellant,
against
Maya Assurance Co., Respondent.




Korsunskiy Legal Group, P.C. (Michael Hoenig, Esq.), for appellant.
De Martini & Yi, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered August 20, 2014. The order, insofar as appealed from as limited by the brief, granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by its brief, from so much of an order of the Civil Court as granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff correctly contends that the affidavit submitted by defendant did not sufficiently set forth a standard office practice or procedure that would ensure that the letters scheduling independent medical examinations (IMEs) had been properly addressed and mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; see also Healing Art Acupuncture, P.C. v Maya Assur. Co., 47 Misc 3d 130[A], 2015 NY Slip Op 50387[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). As a result, defendant failed to demonstrate that plaintiff's assignor had failed to appear at duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, defendant is not entitled to summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017