Jean Claude Compas, M.D., as Assignee of Wright, Eulana, Appellant, 
against
Travelers Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Offices of Aloy O. Ibuzor (William Angstreich, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor), entered May 6, 2015. The order granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for examinations under oath.




ORDERED that the order is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for examinations under oath is denied, and the matter is remitted to the Civil Court to determine the undecided branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to provide requested verification.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and had failed to provide verification which defendant had requested. By order entered May 6, 2015, the Civil Court granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) without addressing defendant's contention that it was entitled to summary judgment due to plaintiff's failure to provide requested verification.
Plaintiff correctly argues that defendant failed to submit proof by someone with personal knowledge attesting to plaintiff's failure to appear for EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled EUOs should have been denied.
As the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to provide requested verification was never addressed by the Civil Court, we remit the matter to the Civil Court to determine that branch of defendant's motion.
Accordingly, the order is reversed, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for EUOs is denied, and the matter is remitted to the Civil Court to determine the undecided branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff had failed to provide requested verification.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017