<partyblock>

Bronx Chiropractic Care, P.C., as Assignee of Adris Maria and Rosemary Leon, Appellant,

against

State Farm Insurance, Respondent.

Zara Javakov, P.C. (Zara Javakov of counsel), for appellant.

Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered December 16, 2016. The order granted defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.

In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). By order entered December 16, 2016, the Civil Court granted defendant's motion. Plaintiff's sole argument on appeal is that defendant's motion should have been denied because plaintiff objected to defendant's EUO demands and defendant failed to establish that the demands were reasonable.

The record reflects that plaintiff, in effect, objected to defendant's EUO scheduling letters in connection with assignor Rosemary Leon on the ground that the letters did not set forth the objective standards on which the EUO demands were based or sufficiently specify the reasons for the demands, and further requested that defendant provide both the objective standards and reasons for the demands. Since plaintiff failed to submit proof that it had mailed an objection letter in connection with assignor Adris Maria, plaintiff's argument with respect to that assignor lacks any basis (see e.g. Professional Health Imaging, P.C. v State Farm Mut. Aut. Ins. Co., 52 Misc 3d 132[A], 2016 NY Slip Op 50997[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).

Defendant was not required to provide the reason for its demand for an EUO in response to an objection from plaintiff. "No 'provision of No-Fault Regulations 68 requires an insurer's notice of scheduling an EUO to specify the reason(s) why the insurer is requiring the EUOs' " (Flow Chiropractic, P.C. v Travelers Home & Mar. Ins. Co.,44 Misc 3d 132[A], 2014 NY Slip Op 51142[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], quoting Ops Gen Counsel NY Ins Dept No. 06-12-16 [December 2006]). Similarly, "[t]here is no requirement in the [*2]regulation that a No-Fault insurer must provide a copy of their internal guidelines [regarding objective justification] for requiring an EUO upon the request of a claimant for benefits" (Ops Gen Counsel NY Ins Dept No. 02-10-14 [October 2002]). The Department of Financial Services'[FN1]

interpretation of the No-Fault Regulations is entitled to deference unless that interpretation is " 'irrational' " or " 'unreasonable' " (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006], quoting Matter of John Paterno, Inc. v Curiale, 88 NY2d 328, 333 [1996]), which is not the case here. Since defendant was not required to provide
the reason for its demand or the objective standards upon which its EUO demands were based, and since that is the only ground for plaintiff's appeal, there is no basis to disturb the order appealed from.

Accordingly, the order is affirmed.

PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 22, 2019

Footnotes

Footnote 1:In 2011, the Insurance Department and the Banking Department merged into the newly created "Department of Financial Services."

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>