Lewis Tillman, Respondent,
against
State Farm Insurance, Appellant.




Rivkin Radler, LLP (Cheryl F. Korman and Stuart M. Bodoff of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered July 28, 2017. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals, as limited by its brief, from so much of an order of the Civil Court entered July 28, 2017 as denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for scheduled examinations under oath (EUOs).
The record indicates that, in response to defendant's EUO requests, plaintiff sent letters essentially stating that it would not appear for the requested EUOs unless defendant set forth its reasons for requesting the EUOs. Insofar as is relevant to this appeal, the Civil Court denied defendant's motion, as it found that there was a triable issue of fact as to "whether Defendant's request for EUO was made in good faith, under objective standards."
"No 'provision of No-Fault Regulations 68 requires an insurer's notice of scheduling an EUO to specify the reason(s) why the insurer is requiring the EUOs' " (Flow Chiropractic, P.C. v Travelers Home & Mar. Ins. Co.,44 Misc 3d 132[A], 2014 NY Slip Op 51142[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], quoting Ops Gen Counsel NY Ins Dept No. 06-12-16 [December 2006]). Similarly, "[t]here is no requirement in the regulation that a No-Fault insurer must provide a copy of their internal guidelines [regarding objective justification] for requiring an EUO upon the request of a claimant for benefits" (Ops Gen Counsel NY Ins Dept [*2]No. 02-10-14 [October 2002]). The Department of Financial Services'[FN1]
interpretation of the No-Fault Regulations is entitled to deference unless "irrational or unreasonable" (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006] [internal quotation marks omitted]; see also Matter of John Paterno, Inc. v Curiale, 88 NY2d 328, 333 [1996]), which is not the case here. Thus, defendant "was not required to provide the reason for its demand" either in its scheduling letters or, by extension, "in response to an objection from plaintiff" (Dynamic Balance Acupuncture, P.C. v State Farm Ins., 62 Misc 3d 145[A], 2019 NY Slip Op 50171[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 

Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted. 

ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 28, 2019



Footnotes

Footnote 1: In 2011, the Insurance Department and the Banking Department merged into the newly created "Department of Financial Services."