Chi P & L Acupuncture, P.C. v Nationwide Ins. Co. (2020 NY Slip Op
51292(U))

[*1]

Chi P & L Acupuncture, P.C. v Nationwide Ins. Co.

2020 NY Slip Op 51292(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will 
not be published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2597 K C

Chi P & L Acupuncture, P.C., as
Assignee of Pia Daniels and James Stokely, Respondent-Appellant, 
against
Nationwide Ins. Co., Appellant-Respondent.

Hollander Legal Group , P.C. (Allan S. Hollander of counsel), for appellant-respondent.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent-appellant (no brief filed).

Appeal and cross appeal from an order of the Civil Court of the City of New York, Kings
County (Harriet L. Thompson, J.), entered November 19, 2018. The order, insofar as appealed
from by defendant, denied the branches of defendant's motion seeking summary judgment
dismissing so much of the complaint as sought to recover upon claim forms for services provided
to Pia Daniels on March 22, 2016, March 28 to April 7, 2016, April 25, 2016, April 25 to May 5,
2016, and May 12, 2016, and the claims for services provided to James Stokely. The order,
insofar as cross-appealed from by plaintiff, made implicit CPLR 3212 (g) findings in defendant's
favor.

ORDERED that the order, insofar as appealed from, is modified by providing that the
branches of defendant's motion seeking summary judgment dismissing so much of the complaint
as sought to recover upon claim forms for services provided to Pia Daniels on March 22, 2016,
March 28 to April 7, 2016, April 25, 2016, April 25 to May 5, 2016, and May 12, 2016, and the
claims for services provided to James Stokely are granted; as so modified, the order, insofar as
appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant [*2]moved for summary judgment dismissing the complaint on the
ground that it had timely denied the claims based upon plaintiff's failure to appear for duly
scheduled examinations under oath (EUOs). Plaintiff opposed the motion and cross-moved for
summary judgment. Defendant appeals from so much of an order of the Civil Court entered
November 19, 2018 as denied the branches of defendant's motion seeking summary judgment
dismissing so much of the complaint as sought to recover upon claim forms for services provided
to Pia Daniels on March 22, 2016, March 28 to April 7, 2016, April 25, 2016, April 25 to May 5,
2016, and May 12, 2016, and the claims for services provided to James Stokely. Plaintiff
cross-appeals from so much of the Civil Court's order as, upon denying the aforementioned
branches of defendant's motion, found, in effect pursuant to CPLR 3212 (g), that the only issue
remaining for trial was whether defendant's attorney was present at the scheduled EUOs. In
support of its cross appeal, plaintiff argues that the Civil Court's implicit CPLR 3212 (g) findings
in favor of defendant should be vacated as an issue of fact exists because defendant failed to
establish that it possessed objective reasons for requesting the EUOs.
Contrary to the determination of the Civil Court, the proof submitted by defendant in support
of its motion was sufficient to demonstrate that defendant's attorney was present at the time for
which the EUOs were scheduled to be held, and that plaintiff had failed to appear for the EUOs
(see Stephen Fogel Psychological, P.C.
v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Furthermore, with respect to
plaintiff's cross appeal, "as this court has repeatedly stated, defendant was not required to set
forth objective reasons for requesting EUOs in order to establish its prima facie entitlement to
summary judgment" (Gentlecare
Ambulatory Anesthesia Servs. v GEICO Ins. Co., 65 Misc 3d 138[A], 2019 NY Slip Op
51684[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). In opposition to the
branches of defendant's motion seeking summary judgment dismissing so much of the complaint
as sought to recover upon claim forms for services provided to Pia Daniels on March 22, 2016,
March 28 to April 7, 2016, April 25, 2016, April 25 to May 5, 2016, and May 12, 2016, and the
claims for services provided to James Stokely, plaintiff failed to demonstrate the existence of a
triable issue of fact.
Accordingly, the order, insofar as appealed from, is modified by providing that the branches
of defendant's motion seeking summary judgment dismissing so much of the complaint as sought
to recover upon claim forms for services provided to Pia Daniels on March 22, 2016, March 28
to April 7, 2016, April 25, 2016, April 25 to May 5, 2016, and May 12, 2016, and the claims for
services provided to James Stokely are granted.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020