Sufficient Chiropractic Care, P.C. v Global Liberty Ins. Co. (2021 NY Slip Op
50959(U))

[*1]

Sufficient Chiropractic Care, P.C. v Global Liberty Ins. Co.

2021 NY Slip Op 50959(U) [73 Misc 3d 131(A)]

Decided on October 8, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2020-173 K C

Sufficient Chiropractic Care, P.C., as
Assignee of Takoshi Shand, Respondent,
against
Global Liberty Insurance Company, Appellant.

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt and Jamin Koo of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered September 19, 2019. The order, insofar as appealed from and as limited
by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint, and plaintiff cross-moved for summary
judgment. By order entered September 19, 2019, the Civil Court denied defendant's motion and
plaintiff's cross motion, and limited the issues for trial, in effect pursuant to CPLR 3212 (g), to
whether plaintiff's assignor failed to appear for duly scheduled independent medical
examinations (IMEs), and whether the amounts sought by plaintiff exceeded the amounts
permitted by the workers' compensation fee schedule. As limited by the brief, defendant appeals
from so much of the order as denied defendant's motion.
An assignor's appearance at an IME "is a condition precedent to the insurer's liability on the
policy" (Stephen Fogel Psychological,
P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]). Contrary to the
determination of the Civil Court, defendant demonstrated that, before it [*2]received the claims at issue, it had properly scheduled IMEs of
plaintiff's assignor, and that the assignor failed to appear for those duly scheduled IMEs (see id.; ARCO Med. NY, P.C. v Lancer Ins.
Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]). As plaintiff failed to raise a triable issue of fact in opposition to
defendant's motion or challenge the implicit CPLR 3212 (g) findings in defendant's favor,
defendant is entitled to summary judgment dismissing the complaint. In view of the foregoing,
we reach no other issue.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2021