Sanford Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50576(U))

[*1]

Sanford Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co.

2022 NY Slip Op 50576(U) [75 Misc 3d 138(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2020-152 K C

Sanford Chiropractic, P.C., as Assignee of
Brandon, Donald, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered August 29, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order which granted defendant's motion for summary judgment dismissing the complaint
on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs),
and denied plaintiff's cross motion for summary judgment.
Plaintiff's only contention with respect to defendant's motion for summary judgment is that
the affirmation submitted by defendant's attorney, who was present in his office to conduct
plaintiff's EUOs on the scheduled dates, was insufficient to establish that plaintiff had failed to
appear for the EUOs because it does not "conclusively prove that [counsel] was present at the
scheduled start times of the EUOs." We reject that argument. Counsel, a partner in the law firm
representing defendant in this action, stated in his affirmation that the EUOs were scheduled to
take place at 10:00 a.m. in his firm's offices on December 14, 2017 and January 3, 2018; that he
was "present in the office" on those days; that no one affiliated with plaintiff appeared for either
scheduled EUO; and that if someone had appeared, he "would have conducted the EUO of the
Plaintiff or assigned one of the other attorneys authorized to conduct EUOs to conduct the EUO
of the Plaintiff." Contrary to plaintiff's argument, this affirmation was sufficient to demonstrate,
prima facie, that plaintiff failed to appear for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720 [2006]; Gentlecare
Ambulatory Anesthesia Servs. v Geico Ins. Co., 57 Misc 3d 150[A], 2017 NY Slip Op
51518[U] [App Term, 2d Dept, 2d, 11th [*2]& 13th Jud
Dists 2017]), and plaintiff failed to raise a triable issue of fact in response.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022