Parisien. v Ameriprise Auto & Home (2022 NY Slip Op 50581(U))

[*1]

Parisien v Ameriprise Auto & Home

2022 NY Slip Op 50581(U) [75 Misc 3d 138(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2020-411 K C

Jules Francois Parisien, M.D., as Assignee
of Louidor, Patrick, Appellant, 
against
Ameriprise Auto & Home, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Callinan & Smith, LLP (Matthew J. Smith and Steven Daniel Levy of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered August 23, 2019. The order granted defendant's motion for leave to
reargue its prior motion for summary judgment, which motion had been denied in an order dated
June 22, 2018, and, upon reargument, granted defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order entered August 23, 2019 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court entered August 23, 2019 which granted defendant's motion for
leave to reargue its prior motion for summary judgment, which motion had been denied in an
order dated June 22, 2018, and, upon reargument, granted defendant's motion for summary
judgment dismissing the complaint, finding that defendant did not need to provide a basis for the
examination under oath (EUO) requests.
The Civil Court did not improvidently exercise its discretion in granting the branch of
defendant's motion which was for leave to reargue its motion for summary judgment dismissing
the complaint, as the court had overlooked or misapprehended the law when it held that
defendant had to establish the reasonableness of the EUO requests (see CPLR 2221 [d]
[2]; Interboro Ins. Co. v Clennon,
113 AD3d 596 [2014]; New Way
Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 64 Misc 3d 136[A], 2019 NY Slip
Op 51158[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Parisien v Metlife Auto & Home,
54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2017]).
Plaintiff also argues that the affirmations submitted by defendant to demonstrate that plaintiff
had failed to appear for the EUOs were insufficient because they do not establish that defendant's
"attorneys were actually present at the times the EUOs were scheduled to be held." [*2]We reject that argument. Defendant submitted the affirmations of
two different partners in the law firm representing defendant in this action, each addressing one
of the two scheduled EUOs. The first one stated that an EUO was scheduled to take place at
10:00 a.m. in the firm's offices on December 2, 2014; that counsel was present in the office
prepared to conduct the EUO on that date; that he would have conducted the EUO if plaintiff had
appeared; and that plaintiff did not appear. The second affirmation stated that an EUO was
scheduled to take place at 10:00 a.m. in the firm's offices on January 9, 2015; that counsel was
present in the office on that date and was in charge of determining whether the EUO would go
forward; that if plaintiff had appeared, he would have conducted the EUO or assigned another
attorney to conduct it; and that plaintiff did not appear. Contrary to plaintiff's argument, these
affirmations were sufficient to demonstrate, prima facie, that plaintiff failed to appear for the
EUOs (see Stephen Fogel Psychological,
P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Gentlecare Ambulatory Anesthesia Servs. v
Geico Ins. Co., 57 Misc 3d 150[A], 2017 NY Slip Op 51518[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2017]), and plaintiff failed to raise a triable issue of fact in
response. 
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022