Columbus Imaging Ctr., LLC v Erie Ins. Co. of N.Y. (2022 NY Slip Op
50929(U))

[*1]

Columbus Imaging Ctr., LLC v Erie Ins. Co. of N.Y.

2022 NY Slip Op 50929(U) [76 Misc 3d 134(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-501 K C

Columbus Imaging Center, LLC, as 
 Assignee of Martinez, Tiena, Respondent,
against
Erie Insurance Company of New York, Appellant.

Robyn M. Brilliant, P.C. (Tori Y. Buttrum of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ira R.
Greenberg, J.), entered December 3, 2019. The order, insofar as appealed from, denied
defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's
cross motion for summary judgment, found, in effect pursuant to CPLR 3212 (g), that the only
issue remaining for trial was defendant's defense that plaintiff's assignor failed to appear for
scheduled independent medical examinations.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's assignor failed to
appear for duly scheduled independent medical examinations (IMEs), and plaintiff cross-moved
for summary judgment. Defendant appeals from so much of an order of the Civil Court as denied
defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's
cross motion for summary judgment, found, in effect pursuant to CPLR 3212 (g), that the only
issue remaining for trial was defendant's defense that plaintiff's assignor failed to appear for
scheduled IMEs.
Contrary to the determination of the Civil Court, defendant demonstrated that, before it [*2]had received the claim at issue, it properly scheduled IMEs of
plaintiff's assignor, and that the assignor failed to appear for the duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Defendant also demonstrated that it
timely denied the claim (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]),
based upon the assignor's failure to appear for the IMEs. An assignor's appearance at an IME "is
a condition precedent to the insurer's liability on the policy" (Stephen Fogel Psychological,
P.C., 35 AD3d at 722).
Plaintiff's remaining argument is not properly before this court as it is being raised for the
first time on appeal, and we decline to consider it (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Mind & Body Acupuncture, P.C. v
Elrac, Inc., 48 Misc 3d 139[A], 2015 NY Slip Op 51219[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022