Masigla v Nationwide Affinity Ins. Co. of Am. (2022 NY Slip Op
51239(U))

[*1]

Masigla v Nationwide Affinity Ins. Co. of Am.

2022 NY Slip Op 51239(U) [77 Misc 3d 132(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-575 K C

Maria Sheila Masigla, P.T., as
Assignee of Gracia, Helaina, Respondent, 
against
Nationwide Affinity Insurance Company of America,
Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander and Christopher Volpe of counsel), for
appellant.
The Rybak Firm, PLLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill
R. Epstein, J.), entered February 9, 2021. The order, insofar as appealed from, denied
defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant moved for summary judgment dismissing the complaint on the ground that
plaintiff failed to appear for duly scheduled examinations under oath (EUOs) and
plaintiff cross-moved for summary judgment. In an order entered February 9, 2021, the
Civil Court denied the motion and cross motion, but implicitly found, in effect pursuant
to CPLR 3212 (g), that defendant established the timely and proper mailing of the EUO
scheduling letters and denial of claim forms, as well as plaintiff's failure to appear for the
scheduled EUOs. The Civil Court found that there was an issue of fact because the EUOs
were scheduled to be held before plaintiff submitted the claims at issue and defendant did
not schedule EUOs after these claims were submitted.
To establish its prima facie entitlement to summary judgment dismissing a complaint
on the ground that a provider failed to appear for an EUO, an insurer must demonstrate,
as a matter of law, that it twice duly demanded an EUO from the provider, that the
provider twice failed to appear, and that the insurer issued a timely denial of the claim(s)
on that ground (see Interboro
Ins. Co. v Clennon, 113 AD3d 596, 597 [2014])—all elements that,
pursuant to CPLR 3212 (g), the Civil Court implicitly found to have been
established.
Plaintiff's contentions on appeal—that defendant could not deny plaintiff's
claims based upon plaintiff's failure to appear for EUOs because such EUOs and
nonappearances occurred prior to submission of the claims at issue, and that defendant
needed to schedule additional EUOs after plaintiff submitted the claims at
issue—lack merit (see
Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720
[2007]; National Med. &
Surgical Supply, Inc. v ELRAC, Inc., 54 Misc 3d 131[A], 2017 NY Slip Op
50028[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion
for summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18,
2022