Motionpro Physical Therapy, as Assignee of Pedro Cabral, Respondent, 
against
Hereford Insurance Co., Appellant.




Rubin, Fiorella & Friedman, LLP (Harlan R. Schreiber, Esq.), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered April 8, 2016. The order granted plaintiff's motion for summary judgment and implicitly denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that plaintiff's motion for summary judgment is denied and the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's second cause of action is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which granted plaintiff's motion for summary judgment and implicitly denied defendant's cross motion for summary judgment dismissing the complaint.
Defendant correctly argues on appeal that plaintiff failed to make a prima facie showing of its entitlement to summary judgment, as plaintiff failed to establish that its claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Defendant acknowledged that it had received the claim underlying plaintiff's first cause of action on July 9, 2014 and the claim underlying plaintiff's second cause of action on August 6, 2014, and established the mailing of independent medical examination (IME) scheduling letters to the assignor (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), which scheduled plaintiff's assignor's IME for August 29, 2014. Thus, contrary to defendant's further argument, defendant did not demonstrate that it was entitled to summary [*2]judgment dismissing plaintiff's first cause of action because the IME had not been scheduled to be held within 30 calendar days after defendant had received the claim underlying the first cause of action (see 11 NYCRR 65-3.5 [d]).
With respect to the second cause of action, however, the IME was scheduled to be timely held. In addition to establishing that the IME scheduling letters had been mailed to the assignor, defendant established that plaintiff's assignor had failed to appear for duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]) and that defendant had timely denied the claim underlying the second cause of action on that ground. Since defendant demonstrated that plaintiff's assignor had failed to comply with a condition precedent to coverage (Stephen Fogel Psychological, P.C., 35 AD3d at 722), and as plaintiff failed to raise a triable issue of fact in opposition, the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action should have been granted.
Defendant's remaining contentions lack merit.
Accordingly, the order is modified by providing that plaintiff's motion for summary judgment is denied and the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's second cause of action is granted.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2018