Jules Francois Parisien, M.D., as Assignee of Akhlaq, Robbina, Appellant,
against
Maya Assurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
De Martini & Yi, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered July 2, 2015. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant in support of its motion did not sufficiently set forth a standard office practice or procedure that would ensure that the letters scheduling examinations under oath (EUOs) had been properly addressed and mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant failed to demonstrate that the EUOs had been properly scheduled and, thus, that plaintiff's assignor had failed to appear at duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]; see also Delta [*2]Diagnostic Radiology, P.C. v Maya Assur. Co., 47 Misc 3d 151[A], 2015 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant is not entitled to summary judgment dismissing the complaint.
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2018