Active Care Medical Supply Corp., as Assignee of Charles, Nathalia, Appellant,
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J Toell of counsel), for appellant.
Law Office of Daniel J. Tucker, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered July 8, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the grounds that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs), and that, based on an independent medical examination (IME) of plaintiff's assignor that had occurred prior to the receipt of the claim sued upon herein, there was a lack of medical necessity for the supplies in question. The Civil Court denied plaintiff's motion and granted defendant's cross motion.
Contrary to plaintiff's argument, defendant's proof sufficiently established the proper mailing of the EUO scheduling letters (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), thereby tolling its time to pay or deny the claim. 
Plaintiff does not dispute that, within 30 days of the second EUO date, defendant denied the claim on EUO no-show and lack of medical necessity grounds, as it was entitled to do (see Alev Med. Supply, Inc. v New York Cent. Mut. Fire Ins. Co., 38 Misc 3d 143[A], 2013 NY Slip Op 50258[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). While plaintiff correctly argues that the proof defendant submitted in support of its cross motion was insufficient to establish plaintiff's failure to appear for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), defendant also submitted an affirmed report of an IME, conducted before the supplies at issue had been provided, which set forth a factual basis and medical rationale for the doctor's determination that there was a lack of medical necessity for any further treatment or supplies. Contrary to plaintiff's contention, the affidavit submitted by plaintiff in opposition to defendant's cross motion failed to meaningfully refer to, let alone sufficiently rebut, the conclusions set forth in the IME report. 
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2018