Healthy Way Acupuncture, P.C., as Assignee of Nieves Jason, Respondent, 
against
Country-Wide Ins. Co., Appellant.




Jaffe & Velazquez, LLP (Jean H. Kang of counsel), for appellant.
Gary Tsirelman, P.C. (Stefan Belinfanti of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered May 26, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $6,940.




ORDERED that the judgment is modified by reducing the award to the principal sum of $5,695; as so modified, the judgment is affirmed, without costs, and the matter is remitted to the Civil Court for a recalculation of statutory interest and the entry of an appropriate amended judgment thereafter.
This action by a provider to recover assigned first-party no-fault benefits as to seven claims was consolidated for a nonjury trial with five other actions. After the trial, the Civil Court found that plaintiff had established its prima facie case in this action and that defendant had failed to establish its defenses, and awarded judgment to plaintiff on all seven claims. 
Contrary to defendant's argument, plaintiff established its prima facie case as to the seven claims at issue in this action, totaling $6,940, as plaintiff demonstrated that the bills had been received by defendant and had not been paid (see Brand Med. Supply, Inc. v Infinity Ins. Co., 51 Misc 3d 145[A], 2016 NY Slip Op 50738[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; V.S. Med. Servs., P.C. v Travelers Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51760[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
However, defendant correctly argues that it established that it had properly and timely [*2]denied three of the claims, for $605, $285 and $355, respectively, on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). Defendant's proof at trial was sufficient to demonstrate that defendant had timely mailed the IME scheduling letters and denials at issue (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and that plaintiff's assignor had failed to appear at those IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). As defendant proved that the assignor had violated a condition precedent to coverage (see id.), plaintiff was not entitled to recover on those bills. 
Defendant's remaining arguments lack merit.
Accordingly, the judgment is modified by reducing the award to the principal sum of $5,695; as so modified, the judgment is affirmed, and the matter is remitted to the Civil Court for a recalculation of statutory interest and the entry of an appropriate amended judgment thereafter.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 18, 2019