Golden Star Acupuncture, P.C., as Assignee of Rhonda Cobin and Jose Ramos, Respondent,
against
Erie Insurance Co. of NY, Appellant.




Robyn M. Brilliant, P.C. (Robyn M. Brilliant of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered June 2, 2017. The order, insofar as appealed from, denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims as assignee of Rhonda Cobin and granted the branch of plaintiff's cross motion seeking summary judgment on that portion of the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover upon claims as assignee of Rhonda Cobin is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims as assignee of Rhonda Cobin and granted the branch of plaintiff's cross motion seeking summary judgment on that portion of the complaint. Contrary to the determination of the Civil Court, the proof submitted by defendant was sufficient to establish the proper mailing of the examination under oath (EUO) scheduling letters sent to Cobin (see St. Vincent's Hosp. of [*2]Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). However, the affidavit of defense counsel's legal assistant failed to establish that he possessed personal knowledge that Cobin had not appeared for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, defendant failed to make a prima facie showing that it was entitled to summary judgment dismissing the claims submitted by plaintiff as assignee of Cobin. We note that the Civil Court did not improvidently exercise its discretion in considering the papers submitted by plaintiff in opposition to defendant's motion, even though the opposition papers had been untimely served pursuant to the parties' stipulation, as defendant was able to submit reply papers (see Hsu v Shields, 111 AD3d 674 [2013]; Kavakis v Total Care Sys., 209 AD2d 480 [1994]).
Plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit of plaintiff's owner submitted in support of its cross motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover upon claims as assignee of Rhonda Cobin is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019