S.O.V. Acupuncture, P.C. v Global Liberty Ins. Co. of N.Y. (2020 NY Slip Op
51004(U))

[*1]

S.O.V. Acupuncture, P.C. v Global Liberty Ins. Co. of N.Y.

2020 NY Slip Op 51004(U) [68 Misc 3d 132(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2360 K C

S.O.V. Acupuncture, P.C., as Assignee of
Angel DeJesus, Respondent, 
against
Global Liberty Ins. Co. of N.Y., Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Gary Tsirelman, P.C. (Douglas Mace of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered October 11, 2018. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims for dates of service December 28, 2015 and April 19, 2016, and so much of the unpaid
portion of the claims billed using CPT codes 97810, 97811, 99202, and 99212, and the claims
billed using CPT code 97026, except for dates of service December 11, 2015, March 1, 2016,
March 17, 2016 and March 28, 2016, are granted; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the grounds that plaintiff's assignor had
failed to appear for duly scheduled independent medical examinations (IMEs), that a portion of
one claim was submitted more than 45 days after the subject services had been rendered, and that
the amounts plaintiff sought to recover upon the remaining claims exceeded the amount
permitted by the workers' compensation fee schedule. In opposition to defendant's motion,
plaintiff only submitted an affirmation from plaintiff's counsel. By order entered October 11,
2018, the Civil Court denied defendant's motion.
In support of its motion, defendant submitted an affidavit which sufficiently established that
the IME scheduling letters had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]). To the extent plaintiff's counsel argued that the IME scheduling letters
had been mailed to the wrong address, the record demonstrates conclusively that the address to
which the IME scheduling letters had been mailed matched the one provided by plaintiff's
assignor on the assignor's handwritten, sworn application for no-fault benefits (NF-2) which was
submitted to defendant. Consequently, defendant established that the address to which the IME
scheduling letters were mailed was proper (see Valdan Acupuncture, [*2]P.C. v 21st
Century Advantage Ins. Co., 63 Misc 3d 156[A], 2019 NY Slip Op 50822[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Sunlight Med. Care, P.C. v Esurance Ins. Co., 49 Misc 3d 130[A],
2015 NY Slip Op 51410[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Defendant also established that the assignor had failed to appear for the duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Thus, defendant demonstrated that
plaintiff had failed to comply with a condition precedent to coverage (id. at 722). As
defendant's motion further established that defendant had timely denied (see St. Vincent's
Hosp. of Richmond, 50 AD3d 1123) the claim for services rendered on April 19, 2016 on
that ground, and plaintiff failed to raise a triable issue of fact in opposition to this branch of
defendant's motion, defendant was entitled to summary judgment dismissing so much of the
complaint as sought to recover upon the claim for services rendered on April 19, 2016.
With respect to the branch of defendant's motion seeking summary judgment dismissing so
much of the complaint as sought to recover for services rendered on December 28, 2015, the
affidavit of defendant's claims adjuster established that the claim for services rendered on
December 28, 2015 had been submitted more than 45 days after those services had been rendered
(see 11 NYCRR 65-2.4 [c]) and that defendant had timely mailed (see St. Vincent's
Hosp. of Richmond, 50 AD3d 1123) its denial of claim form, which denied the claim on that
ground. Furthermore, defendant's denial of claim form advised plaintiff that late notice would be
excused if reasonable justification for the failure to give timely notice was provided (11 NYCRR
65-2.4 [c]). As plaintiff failed to raise a triable issue of fact in response to defendant's prima facie
showing, the branch of defendant's motion seeking summary judgment dismissing so much of the
complaint as sought to recover for services rendered on December 28, 2015 should have been
granted.
With respect to the branch of defendant's motion seeking summary judgment dismissing so
much of the complaint as sought to recover the unpaid portion of plaintiff's claims which were
denied on the ground that the amount sought exceeded the amount permitted by the workers'
compensation fee schedule, defendant established that it had fully paid plaintiff for the services
billed under CPT codes 97810, 97811, 99202, and 99212 in accordance with the workers'
compensation fee schedule for acupuncture services performed by chiropractors (see Great Wall Acupuncture, P.C. v Geico
Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Likewise, defendant demonstrated that it had fully paid plaintiff for the services billed under CPT
codes 97026, except for the services rendered on December 11, 2015, March 1, 2016, March 17,
2016 and March 28, 2016, in accordance with the workers' compensation fee schedule for
acupuncture services performed by chiropractors (see id.). Thus, defendant established its
prima facie entitlement to summary judgment upon the unpaid portion of those claims. As
plaintiff failed to raise a triable issue of fact, the branch of defendant's motion seeking summary
judgment dismissing so much of the complaint as sought to recover upon the unpaid portion of
those claims should have been granted. However, as defendant concedes that the affidavit of its
professional fee schedule coder stated that plaintiff was entitled to recover upon claims seeking
payment for services billed using CPT 90739, defendant is not entitled to summary judgment
with respect to those claims.
Accordingly, the order is modified by providing that the branches of defendant's motion
[*3]seeking summary judgment dismissing so much of the
complaint as sought to recover upon claims for dates of service December 28, 2015 and April 19,
2016, and so much of the unpaid portion of the claims billed using CPT codes 97810, 97811,
99202, and 99212, and claims billed using CPT code 97026, except for dates of service
December 11, 2015, March 1, 2016, March 17, 2016 and March 28, 2016, are granted.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020