Colin v Global Liberty Ins. Co. of N.Y. (2020 NY Slip Op 51002(U))

[*1]

Colin v Global Liberty Ins. Co. of N.Y.

2020 NY Slip Op 51002(U) [68 Misc 3d 132(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2315 K C

Jamron Colin, as Assignee of Tyrell Sloan,
Respondent,
against
Global Liberty Ins. Co. of N.Y., Appellant.

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered October 25, 2018. The order, insofar as appealed from and as limited by
the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed
to appear for duly scheduled independent medical examinations (IMEs). By order entered
October 25, 2018, the Civil Court, insofar as is relevant to this appeal, denied the motion, but
found, in effect pursuant to CPLR 3212 (g), that defendant had established timely mailing of the
denial of claim forms.
In support of its motion, defendant submitted an affidavit by a supervisor employed by
Omnimed Evaluation Services, which had been retained by defendant to schedule IMEs, which
affidavit sufficiently established that the IME scheduling letters had been timely and properly
mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d
1123 [2008]). The record demonstrates conclusively that the address to which the IME
scheduling letters had been mailed to plaintiff's assignor matched the one provided by plaintiff's
assignor on the assignor's sworn application for no-fault benefits (NF-2) and on plaintiff's NF-3
forms, all of which were submitted to defendant. To the extent plaintiff contends that defendant
was required to also send the IME scheduling letters to the same address but with a zip code
which differed by one digit simply because the police report set forth that zip code, that
contention lacks merit. Not only did plaintiff's assignor swear under penalty of perjury that the
zip code which defendant used was the correct zip code, plaintiff's opposition papers did not
contain an affidavit from plaintiff's assignor which asserted that the zip code to which defendant
mailed the IME scheduling letters was incorrect. Defendant also established that the assignor had
failed to appear [*2]for the duly scheduled IMEs (see Stephen
Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Thus,
defendant demonstrated that plaintiff had failed to comply with a condition precedent to coverage
(id. at 722). In view of the foregoing, and as plaintiff has not challenged the Civil Court's
finding, in effect, that defendant is otherwise entitled to judgment, the order, insofar as appealed
from, is reversed and defendant's motion for summary judgment dismissing the complaint is
granted.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020