NL Quality Med., P.C. v GEICO Ins. Co. (2020 NY Slip Op 51340(U))

[*1]

NL Quality Med., P.C. v GEICO Ins. Co.

2020 NY Slip Op 51340(U) [69 Misc 3d 140(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2283 K C

NL Quality Medical, P.C., as Assignee of
Munno, Daniel, Appellant, 
against
GEICO Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered September 5, 2018. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that the branch of defendant's motion
seeking summary judgment dismissing the second cause of action is denied; as so modified, the
order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for summary judgment.
Contrary to plaintiff's contentions, with respect to the branch of defendant's motion seeking
summary judgment dismissing the third through fifth causes of action, the proof submitted by
defendant in support of its motion was sufficient to give rise to a presumption that the
examination under oath (EUO) scheduling letters and the denial of claim forms had been timely
mailed (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and to demonstrate
that plaintiff had failed to appear for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720 [2006]; Gentlecare
Ambulatory Anesthesia Servs. v GEICO Ins. Co., 59 Misc 3d 152[A], 2018 NY Slip Op
50864[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Thus, defendant
demonstrated, prima facie, that plaintiff had failed to comply with a condition precedent to
coverage with respect to the third though fifth causes of action (see Stephen Fogel
Psychological, P.C., 35 AD3d at 722). In addition, defendant demonstrated its prima facie
entitlement to [*2]judgment dismissing the first cause of action
on the ground that the automobile insurance policy in question had a $200 personal injury
protection deductible. As plaintiff failed to raise a triable issue of fact in opposition to these
branches of defendant's motion, we find no basis to disturb the Civil Court's determination that
defendant was entitled to summary judgment upon the first and third through fifth causes of
action.
With respect to the second cause of action, defendant failed to establish, as a matter of law,
its defense that the fees charged exceeded the amounts set forth in the workers' compensation fee
schedule (see Rogy Med., P.C. v
Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2009]), because, among other things, defendant attempted
to rely on certain documents which were attached to defendant's motion papers without
authentication, foundation or even discussion (see Liberty Chiropractic, P.C. v 21st Century Ins. Co., 53 Misc 3d
133[A], 2016 NY Slip Op 51409[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]). However, contrary to plaintiff's contention, an issue of fact exists as to whether plaintiff
is entitled to recover any additional reimbursement with respect to these services; therefore, the
branch of plaintiff's cross motion seeking summary judgment upon the second cause of action
was properly denied.
Accordingly, the order is modified by providing that the branch of defendant's motion
seeking summary judgment dismissing the second cause of action is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020