ESA Med. Supply, Inc. v Nationwide Affinity Ins. Co. of Am. (2020 NY Slip Op
51324(U))

[*1]

ESA Med. Supply, Inc. v Nationwide Affinity Ins. Co. of Am.

2020 NY Slip Op 51324(U) [69 Misc 3d 138(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1599 K C

ESA Medical Supply, Inc., as Assignee of
Dwayne Curry, Appellant, 
against
Nationwide Affinity Ins. Co. of America, Respondent.

Gary Tsirelman, P.C. (Darya Klein of counsel), for appellant.
Law Office of Kevin J. Philbin (Ivy Cherian of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered May 24, 2018. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly
scheduled examinations under oath (EUOs), and denied plaintiff's cross motion for summary
judgment.
Contrary to plaintiff's contention, the proof submitted by defendant in support of its motion
was sufficient to establish that the initial and follow-up letters scheduling an EUO had been
timely mailed to plaintiff's assignor at the address set forth by plaintiff on its bills (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Sunlight Med. Care, P.C. v Esurance Ins. Co., 49 Misc 3d 130[A],
2015 NY Slip Op 51410[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In
addition, the contemporaneous affirmations executed by defendant's counsel demonstrated that
plaintiff's assignor had failed to appear for either of the scheduled EUOs (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Finally, plaintiff's argument that the
affidavit submitted by defendant in order to prove that the denial of claim forms had been timely
mailed should not have been considered because the affidavit did not comply with Alabama law
since it was missing an embossed notarial seal and, thus, it did not comply with Real Property
Law § 299-a [*2]and CPLR 2309 (c), lacks merit, as a
review of the record establishes that an embossed notarial seal was affixed to the affidavit.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020