Avalon Radiology, P.C. v Global Liberty Ins. (2020 NY Slip Op 51374(U))

[*1]

Avalon Radiology, P.C. v Global Liberty Ins.

2020 NY Slip Op 51374(U) [69 Misc 3d 144(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2482 K C

Avalon Radiology, P.C., as Assignee of
Blonde Vincent, Respondent, 
against
Global Liberty Insurance, Appellant. 

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Law Office of Marina Josovich, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered June 25, 2018. The order denied defendant's motion, pursuant to CPLR 4404
(b), to set aside a decision of that court dated June 23, 2017, made after a nonjury trial, and, in
effect, a judgment of that court entered October 6, 2017, pursuant to the decision, awarding
plaintiff the principal sum of $1,791.73.

ORDERED that the order is reversed, with $30 costs, defendant's motion, pursuant to CPLR
4404 (b), to set aside the decision dated June 23, 2017, and, in effect, the judgment entered
October 6, 2017 pursuant thereto is granted, and the matter is remitted to the Civil Court for a
new trial.
In this action by a provider to recover assigned first-party no-fault benefits, the sole issue for
trial (see CPLR 3212 [g]) was whether defendant's denial of claim forms were timely. At
the nonjury trial, defendant's claim representative was prepared to testify that defendant had
timely requested plaintiff's assignor to appear for an examination under oath (EUO) and had
denied the claims at issue within 30 days after conducting that EUO. After examining the denial
of claim forms, the Civil Court concluded that the denials could not be timely, as they were based
upon the assignor's failure to appear for duly scheduled independent medical examinations
(IMEs), but were mailed more than 30 days after that failure to appear. Therefore, without taking
testimony from defendant's witness, the Civil Court directed a verdict in plaintiff's favor.
Defendant timely [*2]moved, pursuant to CPLR 4404 (b) to set
aside the Civil Court's decision. On October 6, 2017, a judgment awarding plaintiff the principal
sum of $1,791.73 was entered and, by order entered June 25, 2018, the Civil Court denied
defendant's motion. Defendant appeals.
As this court has held, where an insurer timely requests verification, its time to pay or deny a
claim does not begin to run until it has received all of the requested verification, including the
conducting of an EUO, and the insurer need not deny a claim while it is waiting for requested
verification even if it already has a basis to deny such claim (see Parisien v Citiwide Auto Leasing, 64 Misc 3d 132[A], 2019 NY
Slip Op 51050[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Active Care Med. Supply Corp. v American
Tr. Ins. Co., 61 Misc 3d 138[A], 2018 NY Slip Op 51584[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2018]; Alev Med. Supply, Inc. v New York Cent. Mut. Fire Ins.
Co., 38 Misc 3d 143[A], 2013 NY Slip Op 50258[U] [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2013]). As a result, the Civil Court's holding that defendant was precluded from
denying the claims based upon the assignor's failure to appear for IMEs was erroneous. As no
testimony was taken, the matter must be remitted to the Civil Court for a new trial.
Accordingly, the order is reversed, defendant's motion, pursuant to CPLR 4404 (b), to set
aside the decision of the Civil Court, and, in effect, the judgment entered pursuant thereto is
granted, and the matter is remitted to the Civil Court for a new trial.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020