21st Century Pharm., Inc. v Global Liberty Ins. Co. of N.Y. (2020 NY Slip Op
51377(U))

[*1]

21st Century Pharm., Inc. v Global Liberty Ins. Co. of N.Y.

2020 NY Slip Op 51377(U) [69 Misc 3d 144(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2568 K C

21st Century Pharmacy, Inc., as Assignee of
Gallman Vernon, Respondent,
against
Global Liberty Ins. Co. of NY, Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Gary Tsirelman, P.C. (Douglas Mace of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered November 14, 2018. The order, insofar as appealed from, denied
defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's cross motion which
had sought summary judgment dismissing the complaint on the ground that plaintiff's assignor
had failed to appear for duly scheduled independent medical examinations (IMEs).
In support of its cross motion, defendant submitted an affidavit by a supervisor employed by
Omnimed Evaluation Services, which had been retained by defendant to schedule IMEs, which
affidavit sufficiently established that the IME scheduling letters had been timely mailed (see
St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]).
Defendant also established that the assignor had failed to appear for the duly scheduled IMEs
(see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720
[2006]). Thus, defendant demonstrated that plaintiff had failed to comply with a condition
precedent to coverage (id. at 722). As defendant's cross motion further established that
defendant had timely denied (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) the
claims on that ground, and [*2]plaintiff failed to raise a triable
issue of fact in opposition to defendant's cross motion, defendant was entitled to summary
judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion
for summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020