Total Chiropractic, P.C. v Integon Natl. Ins. Co. (2021 NY Slip Op
50443(U))

[*1]

Total Chiropractic, P.C. v Integon Natl. Ins. Co.

2021 NY Slip Op 50443(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-521 K C

Total Chiropractic, P.C., as Assignee of
Sanders, Leander, Appellant, 
against
Integon National Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Moira Doherty, P.C. (Maureen Knodel of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered February 28, 2019. The order denied plaintiff's motion for summary
judgment and granted defendant's cross motion for summary judgment dismissing the
complaint.

ORDERED that the order is modified by providing that defendant's cross motion for
summary judgment dismissing the complaint is denied; as so modified, the order is affirmed,
without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court denying its motion for summary judgment and granting
defendant's cross motion for summary judgment dismissing the complaint.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant in support of its
cross motion did not sufficiently set forth a standard office practice or procedure that would
ensure that the letters scheduling independent medical examinations (IMEs) were properly
addressed and mailed (see St. Vincent's
Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result,
defendant failed to demonstrate that the IMEs were properly scheduled and, thus, that plaintiff's
assignor failed to appear at duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720, 722 [2006]; see also
Neptune Med. Care, P.C. v Praetorian Ins. Co., 64 Misc 3d 132[A], 2019 NY Slip Op
51052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, defendant
is not entitled to summary judgment dismissing the complaint.
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie
entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion
failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely
denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021